**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01880-REB–MJW

MARCUS E. HARDY,

     Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation,

     Defendant.

---

**ORDER CONCERNING MOTIONS *IN LIMINE***
[#35, #36, & #38]

---

**Blackburn, J.**

     This matter is before me on the following: (1) **Defendant Union Pacific Railroad Company's First General Motion *In Limine*** [#35][1]; (2) **Defendant Union Pacific Railroad Company's Moiton *In Limine* and Memorandum To Strike Nondisclosed Witnesses From Trial, or, In the Alternative, To Exclude Duplicative and Excessive Witnesses** [#36]; and (3) **Union Pacific Railroad Company's Motion *In Limine* To Exclude Inadmissible Documents Identified by Plaintiff As Proposed Trial Exhibits** [#38]. Each motion was filed on September 8, 2011. The plaintiff filed responses [#59, #60, #61] on October 17 and 18, 2011.

     In its general motion *in limine* [#35], the defendant raises 17 issues addressing evidence or argument that might be presented at trial and argues that this evidence and argument must be excluded from the trial. In its motion *in limine* concerning documents

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

identified by the plaintiff [#35], the defendant identifies various documents identified by the plaintiff as possible exhibits and argues that they must be excluded from evidence. In this motion, the defendant relies heavily on Rules 402, 403, and 408 of the Federal Rules of Evidence.  The evidence issues raised in these two motions are driven primarily by the nature of the evidence actually presented at trial.  These issues cannot be resolved until evidence is presented at trial.[2]  Of course, no trial evidence yet has been presented, and, thus, by definition, the evidentiary context of this case remains uncertain.  Notably, the relevance of the evidence in question, and its potential to cause unfair prejudice or confusion, to mislead the jury, or to waste time, cannot be determined until the evidentiary landscape becomes clear at trial.  The defendant's objections to certain possible arguments are hypothetical and often dependent on the nature of the evidence presented at trial.  The defendant's general motion *in limine* [#35] and its motion *in limine* concerning documents identified by the plaintiff [#35] both are denied without prejudice.

The defendant's motion to strike witnesses not timely disclosed [#36] concerns three lay witnesses.  The plaintiff's response demonstrates that two of the witnesses, Gary Waeckerlin and John Syler, were timely disclosed.  The plaintiff concedes that the third witness, Wayne Reese, was not timely disclosed.  However, the plaintiff contends that Resse and the nature of his testimony were disclosed in July, 2011, that any prejudice to the defendant caused by the tardy disclosure is easily curable, that presentation of his testimony would not disrupt or delay the trial, and that there is no

---

[2]   This is precisely why I specifically discourage the filing of such motions in my Practice Standards.  REB Civ. Practice Standard V.F.

indication of willfulness or bad faith.  Before resolving the admissibility of Reese's testimony, I direct the defendant to file a response to the plaintiff's argument concerning Reese.

To the extent the defendant argues that these three witnesses are duplicative and excessive, that argument is dependent on the nature of the evidence actually presented at trial.  The motion to exclude these witnesses as duplicative and excessive is denied without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Union Pacific Railroad Company's First General Motion** **In Limine** [#35] filed September 8, 2011, is **DENIED** without prejudice;

2. That **Union Pacific Railroad Company's Motion _In Limine_ To Exclude Inadmissible Documents Identified by Plaintiff As Proposed Trial Exhibits** [#38] filed September 8, 2011, is **DENIED** without prejudice;

3. That **Defendant Union Pacific Railroad Company's Moiton _In Limine_ and Memorandum To Strike Nondisclosed Witnesses From Trial, or, In the Alternative, To Exclude Duplicative and Excessive Witnesses** [#36] filed September 8, 2011, is **DENIED** to the extent the motion is based on the alleged untimely disclosure of witnesses, Gary Waeckerlin and John Syler;

4. That **Defendant Union Pacific Railroad Company's Moiton _In Limine_ and Memorandum To Strike Nondisclosed Witnesses From Trial, or, In the Alternative, To Exclude Duplicative and Excessive Witnesses** [#36] filed September 8, 2011, is **DENIED** without prejudice to the extent the defendant argues that the testimony of the

3

three witnesses specified in the motion is duplicative and excessive; and

     5.  That on or before **Tuesday, November 1, 2011**, the defendant **SHALL FILE**

a reply addressing the plaintiff's argument that the testimony of Wayne Reese should be

admitted despite the tardy disclosure of this witness.

     Dated October 27, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge
