**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01880-REB–MJW

MARCUS E. HARDY,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION
TO EXCLUDE UNDER FED. R. EVID. 702**

**Blackburn, J.**

This matter is before me on **Union Pacific Railroad Company's Motion *In Limine* To Exclude Inadmissible Expert Testimony of Tyler Kress, Ph.D.** [#39][1] filed September 8, 2011.  The plaintiff filed a response [#57].  I deny the motion.

### I.  STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

methods reliably to the facts of the case.

**FED.R.EVID.** 702. The standards outlined in Rule 702 implicate, of course, the standards for admission of opinion testimony stated in the so-called *Daubert* trilogy. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The court's application of the standards of Rule 702 and the related cases is "a flexible and commonsense undertaking in which the trial judge is granted broad latitude in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable." *Smith v. Ingersoll-Rand Co.*, 214 F.3d. 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted). The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper." *See Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

Under *Daubert* and its progeny, an expert opinion is reliable if it is based on scientific knowledge. "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. In short, the touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id*. at 592 - 593; *see also Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Goebel v. Denver and Rio Grande Western Railroad Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Gomex v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir.

1995)).

Rule 702 demands also that the expert's opinion be relevant, that is, that the testimony "fit" the facts of the case.  *Daubert*, 509 U.S. at 591-592; *In re Breast Implant Litigation*, 11 F.Supp.2d 1217, 1223 (D. Colo. 1998).  "'[T]he standard for fit is higher than bare relevance.'"  *In re Breast Implant Litigation*, 11 F.Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 745 (3rd Cir. 1994), *cert. denied*, 115 S.Ct. 1253 (1995)).  The proffered evidence must speak clearly and directly to an issue in dispute in the case.  *Id.*

Guided by these principles, the trial court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible.  *Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000).  The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Goebel*, 346 F.3d at 992 (quoting *Kumho Tire Company*, 526 U.S. at 152).  Rule 702 requires that opinion testimony be the product of reliable principles and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case.  The reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. *Heller v. Shaw Indus.*, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. *See, e.g., Kumho Tire*, 526 U.S. at 149-52; *Heller*, 167 F.3d at 155.

Generally, "rejection of expert testimony is the exception rather than the rule." *U.S. v. Nacchio*,  519 F.3d 1140, 1154 (10th Cir. 2008) (quoting Fed. R. Evid. 702 ,

3

2000 Advisory Comm.'s Notes).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert*, 509 U.S. 579 at 596.

## II.  ANALYSIS

The plaintiff, Marcus E. Hardy, is a conductor who worked for the defendant, Union Pacific Railroad Company, for 35 years.  In this lawsuit, Hardy asserts two theories of recovery against Union Pacific.  First, he alleges that his "chronic and permanent injuries to his spine and neck" were caused "cumulatively" from his 35 years of operating a locomotive.  Hardy contends, in essence, that long term exposure to the vibrations in a locomotive and the lack of equipment to protect him from the effect of the vibrations caused his injuries.  Second, he alleges that as a result of a switch throwing incident on May 18, 2010, he "received acute and permanent injuries to his back and legs."  *Complaint* [#1], ¶¶ VI, VII.  These injuries, Hardy contends, were caused by the negligence of Union Pacific.

In its present motion, Union Pacific challenges the admissibility of the opinion testimony of Tyler Kress, Ph.D, a putative expert witness endorsed by the plaintiff. Kress is an industrial ergonomist.  He has significant relevant training in a variety of fields, including engineering, biomechanics, and human factors engineering.

Kress offers two opinions in his report.  *Motion in limine* [#39], Exhibit B (Kress Report), p. 6.  First, Kress opines that "Mr. Hardy's work at the railroad exposed him to risk factors that are definitely associated with and consistent with his injuries."  *Id*.  This opinion concerns whole body vibration and musculoskeletal disorders.  *Id*.  Second, Kress concludes that Union Pacific "failed to apply appropriate job design procedures, causing Mr. Hardy's work environment to be inadequate with respect to safety."  *Id*. This

4

opinion concerns also the "vibrational risk" Kress says is presented by long term operation of a locomotive. *Id.*

In its motion, Union Pacific argues that Kress's opinions are not admissible under Rule 702 because they are not sufficiently reliable. This is true, Union Pacific contends, because Kress did not perform an on-site investigation to gather case-specific data, he has no objective, quantitative measurements obtained for this case, and he cites no specific epidemiological studies that support his opinions.

Based on the information provided in Kress's report, I disagree with Union Pacific's argument. When gathering information for his report, Kress interviewed Hardy and reviewed a variety of information relevant to Hardy's experience as a Union Pacific Employee and Hardy's medical condition. *Kress Report*, p. 2. These sources of information specific to Hardy may not be perfect, but they are sufficient to provide Kress with information specific to Hardy and relevant to Kress's analysis. In addition, Kress reviewed data concerning the vibrational environment in railroad locomotives and seat design in locomotives. *Id.*, pp. 2 - 5 & Exhibit A. Some of this information concerns the type of locomotives sometimes used by Hardy when working for Union Pacific. Finally, Kress does cite epidemiological studies relevant to his analysis. *Id.*, Exhibit C.

Under Rule 702, opinion testimony must be "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." **Goebel v. Denver and Rio Grande Western Railroad Co.**, 346 F.3d 987, 991 (10th Cir. 2003) (quoting **Gomex v. Martin Marietta Corp.**, 50 F.3d 1511, 1519 (10th Cir. 1995)). Kress gathered information concerning the vibrational environment in locomotives generally and Hardy's experience working on Union Pacific locomotives specifically. This information constitutes sufficient facts and data on which Kress may base his opinions concerning the vibration environment to which Hardy was exposed

and whether that exposure is associated and consistent with Hardy's claimed injuries. Further, Kress's report demonstrates that he had sufficient facts and data concerning Union Pacific's knowledge of problems with vibrational environments and the availability of equipment to mitigate those known problems. To the extent Kress's facts and data or methodology may be inaccurate, incomplete, or otherwise imperfect, those flaws go to the weight to be ascribed to his opinions, and not to their admissibility.

### III.  CONCLUSION & ORDER

The report of Tyler Kress, an expert witness endorsed by the plaintiff, demonstrates that Kress's opinion testimony is admissible under Fed.R.Evid. 702.  The opinions expressed in the report are based on sufficient facts or data, are the product of reasonably reliable principles and methods, and Kress has applied the principles and methods reliably to the facts of the case.  Any flaws in Kress's gathering of relevant facts and data or in his analysis go to the weight to be ascribed to his opinions, and not to their admissibility.

**THEREFORE, IT IS ORDERED** that **Union Pacific Railroad Company's Motion *In Limine* To Exclude Inadmissible Expert Testimony of Tyler Kress, Ph.D.** [#39] filed September 8, 2011, is **DENIED**.

Dated November 2, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

6