**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01880-REB–MJW

MARCUS E. HARDY,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation,

    Defendant.

**ORDER CONCERNING MOTIONS *IN LIMINE***
[#44, #45, #47, & #52]

**Blackburn, J.**

This matter is before me on the following: 1) **Plaintiff's Motion *In Limine* To Exclude Assumption of Risk Evidence and Argument and Supporting Brief** [#44][1] filed October 4, 2011; 2) **Plaintiff's Motion *In Limine* To Deny Defendant's Request To Apportion Damages Based on Alleged Non-Railroad Causes and Supporting Brief** [#45] filed October 4, 2011; 3) **Plaintiff's Motion *In Limine* To Exclude Genetics Testimony and Argument and Supporting Brief** [#47] filed October 4, 2011; and 4) **Plaintiff's Motion *In Limine* To Exclude Collateral Source Evidence and Supporting Brief** [#52] filed October 6, 2011. The defendant filed responses [#67, #68, #69, and #70] to each of the motions. I deny the motions.

The plaintiff asserts claims under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq. (FELA). In his motion to exclude evidence of assumption of risk [#44], the

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

plaintiff relies on 45 U.S.C. § 54, part of FELA.  Under § 54, the affirmative defense of assumption of risk may not be asserted in a FELA action.  However, under 45 U.S.C. § 53, the plaintiff's contributory negligence may be considered by the jury.  If contributory negligence is proven, such negligence shall not bar recovery by the plaintiff.  Evidence relevant to assumption of risk and contributory negligence often is identical or similar.  It is difficult to conceive of evidence relevant to assumption of risk but not relevant to contributory negligence.  To the extent such evidence may be presented at trial, the admissibility of the evidence will be driven primarily by the nature of the evidence actually presented at trial.  These issues cannot be resolved until evidence is presented at trial.[2]  The plaintiff's motion to exclude assumption of risk evidence is denied without prejudice.

In his motion to exclude evidence relevant to apportionment of damages [#45], the plaintiff seeks to exclude from evidence any evidence tending to show that the normal effects of aging, a pre-existing condition, or a genetic predisposition caused some or all of the injuries claimed by the plaintiff.  In a FELA case, evidence that the plaintiff's injury was caused, in part, by a preexisting condition or a previous accident is admissible to determine the degree to which the defendant's alleged negligence, as opposed to a pre-existing condition or prior accident, caused the plaintiff's injuries. ***Sauer v. Burlington Norther R. Co.***, 106 F.3d 1490, 1493 - 1495 (10th Cir. 1997).  The plaintiff's motion to exclude evidence relevant to apportionment of damages is denied.

The plaintiff's motion to exclude genetics testimony [#47] is a motion under Fed. R. Evid. 702 masquerading as a motion *in limine*.  The **Trial Preparation Conference**

---

[2] I specifically discourage the filing of such motions in my Practice Standards.  *See* REB Civ. Practice Standard V.F.

**Order** [#16] filed October 7, 2010, provides that all motions raising issues under Fed.R.Evid. 702 as codified and construed shall be filed by **February 21, 2011**, and marshaled thereafter as prescribed by **D.C.COLO.LCivR 7.1C**." *Order* [#16], p. 2. The plaintiff's Rule 702 motion is untimely and, on that basis alone, is subject to denial. Considering the motion on its merits, and disregarding its untimeliness, the motion must be denied. As noted above, evidence that a plaintiff's preexisting condition, including a predisposition, contributed to the claimed injuries is admissible in a FELA case. To the extent the challenged evidence is relevant and probative in relation to this issue, it is admissible. The plaintiff's motion to exclude genetics testimony is denied.

In his motion to exclude collateral source evidence [#52], the plaintiff seeks to exclude evidence of disability benefits, retirement benefits, and insurance benefits received by the plaintiff. To the extent such evidence may be presented at trial, the admissibility of the evidence will be driven primarily by the nature of the evidence actually presented at trial. These issues cannot be resolved until evidence is presented at trial. The plaintiff's motion to exclude collateral source evidence is denied without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion *In Limine* To Exclude Assumption of Risk Evidence and Argument and Supporting Brief** [#44] filed October 4, 2011, is **DENIED** without prejudice;

2. That the **Plaintiff's Motion *In Limine* To Deny Defendant's Request To Apportion Damages Based on Alleged Non-Railroad Causes and Supporting Brief** [#45] filed October 4, 2011, is **DENIED**;

3. That the **Plaintiff's Motion *In Limine* To Exclude Genetics Testimony and**

**Argument and Supporting Brief** [#47] filed October 4, 2011, is **DENIED**; and

4. That the **Plaintiff's Motion *In Limine* To Exclude Collateral Source Evidence and Supporting Brief** [#52] filed October 6, 2011, is **DENIED** without prejudice.

Dated November 4, 2011, at Denver, Colorado.

                                      **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge