**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01880-REB–MJW

MARCUS E. HARDY,

      Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation,

      Defendant.

---

**ORDER CONCERNING DEFENDANT'S MOTION TO STRIKE**

---

**Blackburn, J.**

      This matter is before me on **Defendant's Motion To Strike Plaintiff's Untimely Responses To Defendant's Motions *In Limine*** [#65][1] filed October 25, 2011.  The defendant filed five motions *in limine* on September 8, 2011 [#35, #36, #37, #38, #39].  The plaintiff filed responses [#57, #58, #59, #60, #61] on October 17 and 18, 2011.  The defendant moves to strike the responses because they are untimely.

      D.C.COLO.LCivR 7.1.C., provides that a party responding to a motion "shall have 21 days after the date of service of the motion" in which to file a response.  The plaintiff did not seek an extension of time to file his responses, and no court order altered the deadline.  The plaintiff's responses are untimely.  The plaintiff's responses are not the only untimely filing.  The defendant's motion to exclude the testimony of Tyler Kress Ph.D. [#39] is based on Fed. R. Evid. 702.  The defendant's motion to exclude the

---

[1] "[#65]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

testimony of Jeffrey Kleiner, M.D. and W. Carlton Reckling, M.D. [#37] is based FED. R.

CIV. P. 26(a)(2) and Fed. R. Evid. 702.  The **Trial Preparation Conference Order** [#16]

filed October 7, 2010, provides that all motions raising issues under Fed.R.Evid. 702 as

codified and construed shall be filed by **February 21, 2011**, and marshaled thereafter

as prescribed by **D.C.COLO.LCivR 7.1C**." *Order* [#16], p. 2.  The defendants' two

motions under Rule 702 are untimely.

Trial is set to begin on November 7, 2011.  Given the imminent trial date,

efficiency dictates that I resolve any of the issues raised in the defendant's motions *in*

*limine* that can be resolved before trial.  To some extent, the dictates of efficiency trump

any argument that a motion or response should be stricken because it is untimely.  In a

separate order, I have denied the defendant's motions *in limine* docketed as [#35] and

[#38].  These two motions do not present valid bases for pretrial exclusion of evidence

and argument, and I reach that conclusion independent of the information presented in

the plaintiff's responses [#59, #61].  The plaintiff's responses [#59, #61] are stricken

because they were not filed timely.

In its motion *in limine* [#36] the defendant seeks the exclusion of three lay

witnesses who were not timely disclosed.  In his response [#60], the plaintiff provides

evidence that two of the witnesses were timely disclosed, and concedes that a third

witness was not timely disclosed.  Although the plaintiff's response was not filed timely,

the response provides a ready basis to resolve the defendant's motion.  Here, efficiency

trumps timeliness.  On that basis, I deny the defendant's motion to strike the plaintiff's

response [#60].

Finally, the defendant's two motions [#37, #39] that raise issues under Fed. R.

Evid. 702, both were filed long after the expiration of the February 21, 2011, deadline for

filing such motions.  The plaintiff's responses [#57, #58] also were filed after the expiration of the applicable deadline.  Given the tardy fling of the defendant's two Rule 702 motions, the defendant has little basis to argue that the plaintiff's tardy responses should be stricken.  If the responses should be stricken as untimely, then the two motions also should be stricken as untimely.  Here, efficiency dictates that the issues raised in these motions be resolved, if possible, before the trial begins.  Thus, as to the plaintiff's tardy responses [57, #58] to the defendant's tardy Rule 702 motions [#37, #39], the defendant's motion to strike is denied.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the **Defendant's Motion To Strike Plaintiff's Untimely Responses To Defendant's Motions *In Limine*** [#65] filed October 25, 2011, is **GRANTED** in part;

      2.  That the plaintiff's responses [#59, #61] to the defendant's motions *in limine* [#35, #38] are **STRICKEN** because they were not filed timely;

      3.  That otherwise, the **Defendant's Motion To Strike Plaintiff's Untimely Responses To Defendant's Motions *In Limine*** [#65] filed October 25, 2011, is **DENIED**.

      Dated November 3, 2011, at Denver, Colorado.

                      **BY THE COURT:**

                      Robert E. Blackburn
                      United States District Judge